IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ERNEST HIX, | ) |
| | ) |
|    Plaintiff, | ) |
| | )   No. 1:10-cv-580 |
| vs. | ) |
| | ) |
| EVERGREEN PROFESSIONAL RECOVERIES, INC., | ) ) |
| | )   **JURY DEMAND ENDORSED HEREON** |
| | ) |
|    Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ERNEST HIX, by and through his attorneys, LUXENBURG & LEVIN, LLC, and for his Complaint against the Defendant, EVERGREEN PROFESSIONAL RECOVERIES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter the "OCSPA"), Ohio Rev. Code § 1345.01, *et seq.*

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq.* Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Cincinnati, Ohio.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Washington, which is licensed to do business in Ohio and which has its principal place of business in Bothell, Washington.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. On or about December 28, 2009, Defendant's representative and/or employee including, but not limited to Melissa (last name unknown; hereinafter referred to as "Melissa"), spoke with Plaintiff by telephone in an attempt to collect the aforementioned alleged debt. However, Melissa failed to disclose that Defendant was a debt collector during the course of this communication.

8. Again, on or about January 6, 2010, Melissa spoke with Plaintiff by telephone in an attempt to collect the alleged debt, but Melissa failed to disclose that Defendant was a debt collector during the course of this communication.

9. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

      b.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

10.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ERNEST HIX, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Ohio Consumer Sales Practices Act)

11.    Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

12.    Defendant's actions in attempting to collect the alleged debt from Plaintiff as described above constitute a "consumer transaction" as defined in Ohio Rev. Code § 1345.01(A).

13.    Defendant is a "supplier" as defined in Ohio Rev. Code § 1345.01(C), as Defendant is in the business of effecting or soliciting consumer transactions.

14.    Plaintiff is a "consumer" as defined in Ohio Rev. Code § 1345.01(C), as he is a person who engaged in a consumer transaction with a supplier, the Defendant herein.

15.    Defendant's actions and omissions described above constitute unfair, deceptive and unconscionable acts and practices, in violation of Ohio Rev. Code §§ 1345.02 and 1345.03, and the substantive rules promulgated under the OCSPA.

16. Defendant, through its agents and employees, knowingly committed the unfair, deceptive and unconscionable acts and practices described above.

17. As a result of Defendant's unfair, deceptive and unconscionable acts and practices, Plaintiff has suffered, and continues to suffer, various damages which include, but are not limited to the categories of damages described above.

WHEREFORE, Plaintiff, ERNEST HIX, respectfully prays for a judgment against Defendant as follows:

    a. Statutory damages of $1,000.00 for each violation of the OCSPA;

    b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

    c. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for the any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ David B. Levin
David B. Levin (0059340)
Mitchel E. Luxenburg (0071239)
Attorneys for Plaintiff
Luxenburg & Levin, LLC
23875 Commerce Park, Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 302 (phone)
(866) 551-7791 (facsimile)
david@luxenburglevin.com